Fenis ISMAIL, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74660.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2006.

Filed Nov. 2, 2006.

Robert J. Dupont, Nancy E. Miller, Esq., Robert L. Reeves & Associates, Pasadena, CA, for Petitioner.

District Director, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Papu Sandhu, Esq., Thankful T. Vanderstar, Esq., Aviva L. Poczter, Esq., Surell Brady, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GIBSON *, FISHER, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Fenis Ismail petitions for review of the Board of Immigration Appeals' ("BIA")

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

decision affirming the Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture. Ismail challenges the agency's denial of relief based on an adverse credibility determination.

We have jurisdiction under 8 U.S.C. § 1252(b). Because the BIA summarily affirmed the IJ's decision under the agency's streamlining regulation, we review the IJ's decision as the final agency determination. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 855 (9th Cir.2003).

Adverse credibility findings are reviewed under the substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). As long as one of the identified grounds underlying a negative credibility finding is supported by substantial evidence and goes to the heart of the petitioner's persecution claims, the court is bound to accept the negative credibility finding. *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004).

The IJ's adverse credibility determination is supported by substantial evidence. Ismail could not establish his whereabouts during the summer of 1999 in light of his inconsistent cross-examination testimony (when it emerged for the first time that Ismail had gone on not one but two tours on the cruise ship), his failure to disclose summer 1999 employment as a bartender on his asylum application, and his passport stamps' failure to confirm his additional alleged entry into and exit from Romania. The adverse credibility finding is bolstered by Ismail's reentries into Romania without being jailed or detained by the government, his parents continuing to live in Romania without suffering any harm, his promotion to the rank of corporal during his military service, and by the State Department report explaining the lure to the United States for Romanians. Because the uncertainty over Ismail's whereabouts during the 1999 summer goes to the heart of his persecution claim and is supported by substantial evidence, we are bound to accept the IJ's negative credibility finding. *Id.*

The IJ failed to address two affidavits admitted into evidence that Ismail argues corroborate his credibility. However, the affidavits have their own shortcomings. The affidavit supporting the 1998 beating fails to identify Ismail as the victim of that incident. Moreover, the witness to the 1999 beating wrote that she helped Ismail to the "polyclinic" where he received first aid, which is inconsistent with Ismail's testimony that he was never treated for his injuries, and his written declaration that the affiant administered first aid to him. Finally, neither affidavit is authenticated. Accordingly, while we do not condone the IJ for his failure to address the affidavits in his decision, we conclude that the evidence does not compel a result contrary to that reached by the IJ. *See* 8 U.S.C. § 1252(b)(4)(B).

The petition for review is **DENIED.**